UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| TRAVIS A. SMITH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CAUSE NO. 3:17-CV-12 RLM |
| v. | ) |  |
|  | ) |  |
| INDIANA DEPARTMENT OF CORRECTIONS, *et al.* | ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

OPINION AND ORDER

Travis A. Smith, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. A court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-603 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. The plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010). Courts bear in mind that "[a] document filed *pro se* is to be liberally

construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Smith is inmate at the Miami Correctional Facility. He complains about events that occurred there on December 11, 2015, when medical staff were seeing him for pain as a result of an earlier injury to his right arm. At some point during the appointment, Mr. Smith got into an argument with a nurse and officers were called. Three officers showed up to escort Mr. Smith back to his dorm. As they were leaving medical, Officer Conrad and Mr. Smith got into an argument. With no legitimate reason, Mr. Smith alleges, Officer Conrad pushed Mr. Smith "on his back right injured arm," causing him to stumble. Mr. Smith alleges Officer Conrad pushed him because he was angry as a result of their argument. Being pushed hurt Mr. Smith, caused his arm to swell, and required him to be seen by medical staff. Mr. Smith claims that Officer Conrad's actions amount to excessive force.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need

for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. Id.

Mr. Smith's complaint is light on detail, but giving Mr. Smith the inferences to which he is entitled at this stage, he alleges a plausible claim that Officer Conrad used force maliciously and sadistically to cause him harm. Of course, further factual development might show that Officer Conrad's actions were reasonable under the circumstances, but Mr. Smith has alleged enough to proceed on this claim.

Next, Mr. Smith alleges Sergeant Phillips — one of the three officers escorting him out of medical — failed to intervene in Officer's Conrad's use of excessive force against him. The crux of his claim is that Sergeant Phillips was present when Officer Conrad pushed Mr. Smith, and Sergeant Phillips did not intervene. Sate actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. Miller v. Smith, 220 F.3d 491, 495 (7th Cir.2000) (citing Yang v. Hardin, 37 F.3d 282, 285 (7th Cir.1994). Mr. Smith's complaint provides no indication that Sergeant Phillips had any realistic opportunity to prevent Officer Conrad from using excessive force. Instead, it appears as though he was merely present while Officer Conrad pushed Mr. Smith. This event seemingly happened in an instance, not giving Sergeant Phillips any realistic opportunity to prevent the officer's actions.

Next, Mr. Smith complains that Officer Conrad wrote him up in a Conduct

Report for the December 11, 2015, incident. As a result, Mr. Smith was charged and found guilty of physically resisting a staff member. Mr. Smith alleges that the disciplinary hearing officer conducted an incomplete investigation and that certain defendants gave false testimony during the disciplinary process. "Falsifying a disciplinary charge [does] not give rise to liability for unconstitutional retaliation unless the motive for the fabrication was to retaliate for the exercise of a constitutional right." Perotti v. Quinones, 488 Fed. Appx. 141, 146 (7th Cir. Ind. 2012) citing Lagerstrom v. Kingston, 463 F.3d 621, 625 (7th Cir. 2006). While Mr. Smith claims people provided false statements, he doesn't allege that the charge or statements were motivated by his engaging in any protected activity. As such, Mr. Smith hasn't plausibly alleged a constitutional violation connected with the Conduct Report or disciplinary hearing.

Mr. Smith then filed an informal grievance about being pushed by Officer Conrad. He complains that Ms. Bowman told him that the informal grievance didn't contain enough information to be processed. Mr. Smith alleges that after his initial grievance was denied, Ms. Bowman wouldn't let him appeal that denial because she believed he was only filing these informal grievances in retaliation for Officer Conrad filing a Conduct Report against him. Even if Ms. Bowman was mistaken, Mr. Smith doesn't state a constitutional claim. That a grievance official ignores, mishandles, or denies a prisoner's grievance does not state a claim under § 1983.

> Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.

Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011); See also George v. Smith, 507 F.3d. 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in . . . [Constitutional] . . . violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation") (citations omitted).

Finally, Mr. Smith names a host of improper defendants. He names the Indiana Department of Corrections, Commissioner Bruce Lemmon, Superintendent Kathy Griffin, Corizon Medical, Dr. Marandet as the director of Corizon, and Leeann Ivers as Director of Nursing, as defendants. Mr. Smith alleges they are responsible for the overall operation of the Miami Correctional Facility. Because there is no general *respondeat superior* liability under 42 U.S.C. § 1983, these individual defendants cannot be held liable simply because they oversee operations at the prison or supervise other correctional officers. Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). Nor can Corizon. See Johnson v. Dossey, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). Accordingly, Mr. Smith has not plausibly alleged a claim against these defendants.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer A. Conrad in his individual capacity for monetary damages for using excessive force against him on December 11, 2015;

(2) DISMISSES any and all other claims contained in the complaint;

(3) DISMISSES the Indiana Department of Correction, Commissioner Bruce Lemmon, Superintendent Kathy Griffin, Internal Affairs Hobbs, Correctional Officer C. Betzner, Correctional Sergeant J. Phillips, Correctional Sergeant B. Bowman, Correctional Medical Service (Corizon), Kimberly Myers, Dr. Marandet, and LeeAnn Ivers;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Officer A. Conrad with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d); and

(5) ORDERS that Officer A. Conrad respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: May 18, 2017.          /s/ Robert L. Miller, Jr.
                                                 Judge
                                                 United States District Court