UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRAVIS A. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:17-CV-12 RLM |
| v. | ) |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| *et al.* | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Travis A. Smith, a *pro se* prisoner, is proceeding on a claim that the defendant, Officer Anthony Conrad, used excessive force on him on December 11, 2015. Mr. Smith has moved for a temporary restraining order against Officer Conrad. Mr. Smith says Officer Conrad has been taunting him about this lawsuit. Mr. Smith fears that Officer Conrad may retaliate against him in the future. He asks that the prison order Officer Conrad to stay away from him until August 28, 2017, when he is released from incarceration.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, the moving party must demonstrate that he or she has a reasonable likelihood of success on the merits, lacks an adequate remedy at law, and will suffer irreparable harm if immediate relief is not granted. Girl

-1-

Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc., 549 F.3d 1079, 1086 (7th Cir. 2008). Finally, the court must consider the interest of the public and non-parties in denying or granting the injunction. Ty Inc. v. The Jones Group, Inc., 237 F.3d 891, 895 (7th Cir. 2001). Obtaining a TRO requires the movant to satisfy an even higher standard, by showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A).

Mr. Smith hasn't met these requirements. To start, he hasn't shown a likelihood of success on the merits. While his motion asks for a temporary restraining order based on Officer Conrad's recent harassment, this case is about money damages for one past incident of alleged use of excessive force. Because this motion seeks relief outside the scope of the complaint, Mr. Smith can't obtain this relief here. See Williams v. Evelsizer, No. 12-CV-1082, 2013 WL 3337956, * 1 (July 2, 2013 S.D. Ill.) (holding that a plaintiff is not likely to succeed on the merits when he seeks injunctive relief outside the scope of his complaint).

Moreover, the verbal harassment Mr. Smith alleges doesn't trigger constitutional protections. See DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("[S]imple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). In limited situations, verbal abuse can constitute cruel and unusual punishment under the Eighth Amendment. Beal v. Foster, 803 F.3d 356, 357-58 (7th Cir. 2015). In *Beal*, the guard called an inmate terms like

"punk, fag, sissy and queer," in the presence of other inmates thereby "increas[ing] the likelihood of sexual assaults on him." Id. at 358. Because the harassment "may have made him a pariah to his fellow inmates and inflicted significant psychological harm on him," the court found that the harassment was actionable. Id. at 359. Mr. Smith alleges nothing like that. Officer Conrad's alleged comments — which were unprofessional if they were made — have neither harmed nor increased the risk of any future harm to Mr. Smith. There are no allegations that Officer Conrad took any action in furtherance of any of the alleged verbal harassment. Nor is there any indication that these comments caused Mr. Smith to suffer any psychological harm. The statements don't plausibly give rise to a constitutional claim. DeWalt v. Carter, 224 F.3d at 612.

When a prisoner seeks injunctive relief against correctional officials the last factor — public interest — takes on particular importance. Under the Prison Litigation Reform Act, injunctive relief must be "narrowly drawn, extend no further than necessary to remedy the constitutional violation, and must use the least intrusive means to correct the violation of the federal right." Westefer v. Neal, 682 F.3d 679, 681 (7th Cir. 2012). "[T]he problems of prisons in America are complex and intractable," and "courts are particularly ill equipped to deal with these problems[.]" Shaw v. Murphy, 532 U.S. 223, 229 (2001) (internal quote marks and citation omitted). Courts must give prison officials "wide-ranging deference" (though not a blind eye) in the day-to-day operations of a correctional facility. Bell v. Wolfish, 441 U.S. 520, 547 (1979).

Public policy weighs against granting this requested injunction. What Mr. Smith wants — an order that Officer Conrad stay away and not harass him — would require constant monitoring by the court and involve the court in every instance of discipline, denial of privileges or assignment of officers. Getting involved in this matter is the type of day-to-day operations the court tries to avoid. Such decisions are better left to the correctional facility's deference, so the court will deny this motion at this juncture. Nevertheless, the Superintendent will be provided with a copy of this order so that he is aware of these issues and this litigation so he can best decide how to proceed.

For these reasons, the court:

(1) DENIES the motion for a temporary restraining order (ECF 22); and

(2) DIRECTS the clerk to send a copy of Mr. Smith's motion (ECF 22) along with a copy of this order to the Superintendent of the Miami Correctional Facility.

SO ORDERED.

ENTERED: July 18, 2017.    /s/ Robert L. Miller, Jr.
Judge
United States District Court